In the Matter of SHELDON S. GOLDSTEIN et al., Doing Business as AIRMONT INDUSTRIAL PARK, Respondents, v HERMAN GOLDMAN et al., as the Board of Assessment Review of the Town of Ramapo, et al., Appellants. — In a proceeding pursuant to article 7 of the Real Property Tax Law, the appeal is from an order of the Supreme Court, Rockland County (Burchell, J.), entered February 18, 1981, which denied appellants' motion to dismiss the petition for untimeliness. Order reversed, on the law, with $50 costs and disbursements, motion granted, and petition dismissed. On August 1, 1980 the appellants filed an uncertified copy of the assessment roll in the office of the town clerk and published, in a local newspaper, notice that a certified copy of the roll had been filed in compliance with the requirements of subdivision 1 of section 516 of the Real Property Tax Law. Thereafter, on September 8, 1980, the petitioners served an application for review of their assessment. This was more than 30 days after the August 1 filing and publication of notice of the filing. The 30-day period for the commencement of tax certiorari proceedings begins to run on final completion and filing, that is, the last day set by law or when notice of filing has been given, whichever is later (see Real Property Tax Law, § 702, subd 2). Subdivision 1 of section 516 fixes the last date for compliance as August 1. The appellants in fact complied with the statute by that date. Special Term, however, denied the motion to dismiss the petition. It erroneously held that the last date set by law for completion and filing was October 1. This date, however, is merely the last date that the copy of the roll must remain on file before correction (Real Property Tax Law, § 516, subd 2). Thus, the motion should have been granted and the petition dismissed. The petitioners argue that the failure to certify the copy of the assessment roll on file in the clerk's office prevents commencement of the running of the 30-day Statute of Limitations. We disagree. Strict compliance with the provisions of the tax statutes is required only when the provisions pertain to the essence of the levy (McKinney's Cons Laws of NY, Book 1, Statutes, § 176). Certification is a directory requirement pertaining only to the manner or mode of the filing of the assessment roll. Thus, the failure to comply with the requirement of certification does not interfere with the commencement of the running of the Statute of Limitations. Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.